# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JAMES MCGILTON,<br>    Plaintiff, | Case No. 1:06-cv-29 |
| vs | Spiegel, J.<br>Hogan, M.J. |
| RICHARD JESKO,<br>    Defendant. | **ORDER** |

Plaintiff, an inmate at the Warren Correctional Institution in Lebanon, Ohio, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b)(1-2). A complaint fails to state a claim for relief "if it

appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiff's complaint alleges that he "likes to write fantasy stories about fictional minors (boys) engaging in sex acts as well as fictional adults engaging in sex acts with fictional minors." (Doc. 1 at 2). Plaintiff alleges he does not mail these writings to other people. He further alleges that defendant Jesko has instructed plaintiff "not to write them or in the future, McGilton will be issued a conduct report for 'contraband'" pursuant to Ohio Admin. Code § 5120-9-19. (Doc. 1 at 3). Plaintiff asserts that his written stories are not subject to regulation under section 5120-9-19 because they are not "printed material," not published, and not sent through the mail. Plaintiff contends defendant Jesko has violated plaintiff's right to freedom of speech and expression by his actions. Plaintiff seeks $5,750.00 in damages, an injunction prohibiting any suppression of his writings, and a declaration that his rights have been violated.

Plaintiff's complaint fails to state a claim for relief against defendant Jesko and must be dismissed. Prison regulations, such as Ohio Admin. Code § 5120-9-19, which limit the free expression of inmates must be "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). The Court's reasonableness inquiry is guided by several factors, including whether the governmental objective underlying the regulation at issue is legitimate and neutral; whether the regulation is rationally related to that objective; whether there are alternative means of exercising the right that remain open to prison inmates; the impact that accommodation of the asserted constitutional right will have on others (inmates and prison staff); and the absence of ready alternatives that fully accommodate the prisoner's rights at de minimis cost to valid penological interests. *Turner,* 482 U.S. at 89-91. *See also Thornburgh v. Abbott*, 490 U.S. 401 (1989).

Plaintiff's own written stories are clearly subject to regulation under Ohio Admin. Code § 5120-9-19. "Printed materials" under the regulation are defined as "any publication, document or record including, *but not limited to*, . . . newspapers, magazines, pamphlets, books, photographs, drawings, and prerecorded magnetic audiotapes," but do not include "personal letters." Ohio Admin. Code § 5120-9-19(A)(1)(emphasis added). The regulation prohibits printed material that "is deemed to be detrimental to, or to pose a threat to the rehabilitation of inmates; the security of the institution; or, the good order or discipline of the institution. Examples of such material include, but are not limited to printed material . . . [w]hich is sexually explicit material that by its nature or content poses a threat to the rehabilitation of inmates, the security, good order, or discipline of the institution, or facilitates, or encourages criminal activity. Sexually explicit material includes material which . . . [d]epicts or graphically describes sexual activity involving children. . . ." § 5120-9-19(C)(6)(c).

The regulation prohibiting plaintiff's possession of his written stories involving sexual activity between children and adults is reasonably related to the legitimate goals of prison security and inmate rehabilitation. Similar regulations have been upheld by the courts. *See, e.g., Thornburgh*, 490 U.S. at 405 n. 6 (banning sexually explicit materials involving homosexuality, sado-masochism, bestiality, and children); *Harper v. Wallingford*, 877 F.2d 728, 739 (9th Cir. 1989) (banning material from the Man/Boy Love Association promoting sex with children); *Dawson v. Scurr*, 986 F.2d 257, 259 n. 2 (8th Cir. 1993) (regulation prohibiting "material portraying bestiality, sadomasochism, child nudity, or child sexual activity"). The prohibition on materials related to child sexual activity furthers prison security and safety in that "inmates who are identified as or suspected of being pedophiles . . . are a favorite target for violence since many incarcerated felons were sexually abused as children." *Wallingford*, 877 F.2d at 730, 733.

3

*See also Willson v. Buss*, 370 F. Supp.2d 782, 788 (N.D. Ind. 2005). The Court also takes judicial notice that plaintiff was convicted on two counts of rape of a nine year old child, *see State v. McGilton*, 1996 WL 421865 (Ohio App. 10th Dist. 1996)[1], and prohibiting such written materials is reasonably related to his rehabilitation. There does not appear any ready alternative to fully accommodate plaintiff's desire to possess and read sexually explicit material of a nature which advocates criminal activity and threatens the security of the prison. Prohibiting the possession of written materials describing sexual activity with children is not an exaggerated response to the problems posed thereby. This prohibition bears a rational relation to the legitimate penological goal of maintaining order and security within the prison and does not violate plaintiff's First Amendment rights. Accordingly, plaintiff's complaint against defendant Jesko is **DISMISSED** for failure to state a claim upon which relief may be granted.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**


Date: <u>April 12, 2006</u>                    s/S. Arthur Spiegel
                                               S. Arthur Spiegel
                                               United States Senior District Judge

---

[1] The Court is authorized to "take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980).